```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

DENIM NORTH AMERICA HOLDINGS,    *
LLC,
                                 *
     Plaintiff,
                                 *
vs.                                        CASE NO. 4:10-CV-45 (CDL)
                                 *
SWIFT TEXTILES, LLC,
GALEY & LORD, LLC, and           *
PATRIARCH PARTNERS, LLC,
                                 *
     Defendants.
                                 *
```

O R D E R

In their Motion for Reconsideration of Their Motion to Dismiss Based on Spoliation of Evidence (ECF No. 83), Defendants boldly proclaim that the Court has committed "clear error," has acted "in violation of Eleventh Circuit precedent," and has "set a dangerous and unsupported precedent for future litigants." Defs.' Mem. in Supp. of Mot. for Recons. of Mot. to Dismiss Based on Spoliation of Evidence 2, ECF No. 84 [hereinafter Defs.' Mem.]. What did the Court do to deserve such an unfavorable evaluation of its work? It refused to dismiss Plaintiff's Complaint as a sanction for the failure of Plaintiff's officers and employees to retain certain emails. *Denim N. Am. Holdings, LLC v. Swift Textiles, LLC*, No. 4:10-CV-45 (CDL), 2011 WL 3962278, at *2 (M.D. Ga. Sept. 8, 2011) [hereinafter MSJ Order]. Typically, the Court wastes little

effort in denying misguided motions for reconsideration, but in this case, the Court finds it necessary to set the record straight by addressing the arguments made by Defendants in their motion.

In the Court's previous order denying Defendants' motion, the Court set out the factors that it must consider in evaluating a motion to dismiss based on spoliation of evidence. *Id.* By setting out the factors that must be considered, the Court at least implicitly indicated that it had in fact considered those factors. Defendants fault the Court for not expressly reducing to writing in its order how it balanced each of the factors. Defendants find it incredulous that the Court could have concluded from the present record that the destruction of the emails was done in the ordinary course of business unmotivated by bad faith. *Id.*

In their motion, Defendants state that the Court found that "Plaintiff was under no obligation to suspend what the Court describes as 'a routine practice of deleting most emails within a short time of receiving them.'" Defs.' Mem. 2. Defendants argue that this was a clear error of fact, pointing to purported deposition testimony of Tracy Sayers in which he allegedly "admitted that he had no 'hard-and-fast' rule and generally kept emails he thought he 'may need in the future.'" *Id.* An examination of the Court's complete findings of fact on this

2

issue reveals that the Court's factual findings were entirely consistent with Sayers's deposition testimony relied on by Defendants.  Specifically, the Court found that it was undisputed that Plaintiff did not have a document retention policy with respect to emails and that Larry Galbraith, Monte Galbraith, George Jeter, Jack Pezold and Tracy Sayers each had a routine practice of deleting most emails within a short time of receiving them, rarely retained emails longer than three months, and only retained electronic or hard copies of emails if they thought the emails were important.  MSJ Order at *2.  The Court further found that it was undisputed that these individuals did not modify these processes after they reasonably anticipated the present litigation in 2007 or 2008.  *Id.*  These findings appear entirely consistent with Sayers's deposition testimony that he had no "hard-and-fast" rule but that he generally kept the e-mails he thought were important.  To suggest that this testimony is so inconsistent with the Court's findings to amount to "clear error" is preposterous.  When read in context, it is obvious that the Court's reference to a routine practice described the practice of deleting most emails within a short time of receiving them, not retaining most emails longer than three months, and only retaining emails longer than three months if the recipient thought they were important.  Linguists may debate

3

whether this practice amounts to a "routine," but the factual findings are undeniably supported by the record.

Next, Defendants argue that the Court's legal conclusions are wrong.  Holding up a single Southern District of New York case as the holy grail of spoliation law, Defendants appear dismayed that another federal district judge would not even bother to explain why he allegedly departed from the so-called "*Zubulake* rule."  See *Zubulake v. UBS Warburg, LLC,* 229 F.R.D. 422 (S.D.N.Y. 2004).  With all due respect to Judge Scheindlin of the Southern District of New York, his opinions, no matter how erudite, are no more binding on this Court than this Court's opinions are binding on him.  This Court is obliged to follow the decisions of the Eleventh Circuit Court of Appeals, and thus it found it preferable to cite *Flury v. Daimler Chrysler Corp.,* 427 F.3d 939 (11th Cir. 2005) and *Bashir v. Amtrak,* 119 F.3d 929 (11th Cir. 1997) (per curiam).  As explained below, these Eleventh Circuit decisions and others on which they are based do not support Defendants' position.[1]

In *Bashir v. Amtrak,* the Eleventh Circuit unequivocally stated:  "In this Circuit, an adverse [spoliation] inference is drawn from a party's failure to preserve evidence *only* when the

---

[1] The Court does not suggest that a different result would be reached here had the Court applied *Zubulake*.  The facts in *Zubulake* are easily distinguishable.  In *Zubulake,* the party against whom the adverse spoliation inference was made had violated a court order and ignored advice of its own counsel when it chose to destroy certain emails.  Here, there is no similar evidence of bad faith.

4

absence of that evidence is predicated on bad faith." *Id.* at 931 (emphasis added) (citing *Vick v. Texas Employment Comm'n,* 514 F.2d 734, 737 (5th Cir. 1975)).[2] The *Bashir* court explained that "[m]ere negligence in losing or destroying the records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case." *Id.* (internal quotation marks omitted). The court thus concluded that "under the '[spoliation] adverse inference rule,' we will not infer that the missing [evidence] contained evidence unfavorable to [the persons who failed to preserve it] unless the circumstances surrounding [the absence of the evidence] indicate bad faith, e.g., that [the persons who failed to preserve it] tampered with the evidence." *Id.* The Eleventh Circuit relied upon previous binding precedent in its application of this spoliation standard. In that previous precedent, the court stated that "the adverse inference to be drawn from destruction of records is predicated on bad conduct of the defendant." *Vick,* 514 F.2d at 737. The court made it clear that "the circumstances of the act must manifest bad faith." *Id.* (internal quotation marks omitted). The Court explained that mere negligence is not enough to authorize an adverse inference because negligence alone is not sufficient to allow one to draw the inference that

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the evidence was destroyed because of a "consciousness of a weak case." *Id.* (internal quotation marks omitted).

Based on the foregoing binding Eleventh Circuit precedent, it appears clear that the general spoliation standard contemplates that before an adverse inference can be made based upon a failure to preserve evidence, there must be some evidence that the party possessed an improper motive for failing to preserve the evidence. If the party destroyed the evidence as part of a routine practice (or even haphazardly) with no evidence that the party was motivated by any intent to destroy evidence, then no bad faith should be inferred. Absent bad faith, an adverse inference generally should not be made; however, as explained below, the more prejudicial the absence of the evidence, the less culpability that is required before an adverse inference can be made.

Notwithstanding the foregoing binding Eleventh Circuit precedent that places significant importance on the culpability of the party who fails to retain the evidence, Defendants downplay the relevance of the alleged spoliator's culpability. Defendants selectively lift the following quotation from *Flury*: "the law does not require a showing of malice in order to find bad faith." *Flury*, 427 F. 3d at 946. Defendants' simplistic approach ignores the origin of this principle and the context in which it was established. The Eleventh Circuit quoted this

principle from a decision by the Georgia Court of Appeals in *Bridgestone/Firestone North American Tire LLC v. Campbell,* 258 Ga. App. 767, 574 S.E.2d 923 (2002). In *Flury,* the Eleventh Circuit found that federal law governs this spoliation issue, but it indicated that its opinion would be informed by Georgia law, and the Georgia law upon which it relied was *Bridgestone/Firestone. Flury,* 427 F.3d at 944. Significantly, the principle quoted by Defendants from *Flury* to support their argument that bad faith does not include a culpability component came straight from *Bridgestone/Firestone. Id.* at 946. However, reading that phrase alone and out of context is misleading. The full statement from *Bridgestone/Firestone* is:

> [W]e [previously] held that the harsh sanction of dismissal should be reserved for cases where a party has maliciously destroyed relevant evidence with the sole purpose of precluding an adversary from examining that relevant evidence. As a general rule, this is true. However, malice may not always be required before a trial court determines that dismissal is appropriate. . . . [E]ven when conduct is less culpable, dismissal may be necessary if the prejudice to the defendant is extraordinary, denying it the ability to adequately defend its case.

*Bridgestone/Firestone*, 258 Ga. App. at 770, 574 S.E.2d 927 (footnotes omitted) (internal quotation marks omitted). So it is true that under certain circumstances malice may not be necessary to justify dismissal for spoliation. However, it is clear that those circumstances must be, as the Georgia Court of Appeals described them, "extraordinary."

7

In this case, there is no evidence that Plaintiff's employees destroyed the emails in bad faith. Defendants have failed to present any such evidence. Moreover, there is no evidence that the absence of the emails is so prejudicial to Defendants that it prevents them from defending this action. It may eliminate a theoretical opportunity for impeachment of a witness, but it certainly does not rise to the level of extraordinary such that the ultimate sanction of dismissal should be imposed. Balancing Plaintiff's culpability with the speculative prejudice to Defendants clearly requires a finding that this action should not be dismissed based upon Plaintiff's failure to preserve the emails; nor should an adverse inference be made. This conclusion is supported by *Flury* and other binding precedent from this Circuit.

Defendants' Motion for Reconsideration (ECF No. 83) is denied.

IT IS SO ORDERED, this 4th day of October, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE